UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BOULA LONA SISOMPENG, | ) | CASE NO. 4:08 CV 2555 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G.LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is pro se petitioner Boula Lona Sisompeng's above-captioned habeas corpus action filed pursuant to 28 U.S.C. § 2241. As respondents, he names Bureau of Prisons (BOP) Director Harley G. Lappin, Corrections Corporation of America (CCA) President and CEO John D. Ferguson, and Warden Joseph Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.) Mr. Sisompeng, who is incarcerated at N.E.O.C.C., alleges his transfer to a CCA facility violates the Fifth and Fourteenth Amendment, as well as 18 U.S.C. § 242 and 18 U.S.C. § 4001, because it was based on "national origin/Immigration status." He seeks an order declaring the contractual arrangement between CCA and the BOP null and void, immediate transfer pursuant to 18 U.S.C. § 3621(b) and any other order the court deems just. For the reasons stated below, the petition for writ of habeas corpus is dismissed.

Background

Mr. Sisompeng was indicted in 2005 in the United States District Court for the District of Massachusetts. <u>United States v. Sisompeng</u>, No. 4:05CR037-007 (D. Mass. 2005). He pleaded guilty to the charges and was sentenced to 108 months in prison on May 21, 2007.

On September 4, 2007, the BOP classified petitioner as a low security custody level inmate. Petitioner, who describes himself as a "non-removable alien from the United States, because his country (Laos) would not accept his return," states no detainer had been lodged against him at the time. The same date his classification changed, the BOP transferred petitioner to N.E.O.C.C. "on the basis of his sex, national origin, and Immigration status." (Pet. at 4.) This transfer, petitioner asserts, is a violation of the Fifth and Fourteenth Amendments of the Constitution because it impermissibly classifies prisoners based on national origin.

Mr. Sisompeng argues he meets the regulatory definition of an "inmate," as that term is defined in 28 C.F.R. Part 500.1(c). He states that, as an alien, he enjoys the same constitutional protections to which non-alien prisoners are entitled. As such, petitioner claims a constitutional right to be treated the same as all other similarly situated low security inmates. He claims N.E.O.C.C. has more severe restrictions on the movement of inmates than other low security BOP facilities. For example, N.E.O.C.C. prisoners are allegedly denied privileges such as possessing nail clippers and beard trimmers. Thus, he concludes his transfer to N.E.O.C.C. where low security inmates are treated differently than at other low security prisons, allegedly based on national origin, is a violation of the Constitution.

28 U.S.C. § 2241

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Mr. Sisompeng is neither challenging the length nor the duration of his confinement. Instead, he is asserting claims of disparate treatment and denial of equal protection in violation of his civil rights pursuant to the Fifth and Fourteenth Amendments. It is through a civil rights action, however, that a prisoner may challenge the "conditions of ... confinement." Id. at 498-99; see Badea v. Cox, 931 F .2d 573, 574 (9th Cir.1991); Okoro v. Scibana, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15,1999), cert dismissed, 530 U.S. 1227 (2000). Because habeas relief is designed to test the fact or duration of confinement, Thomas v. Eby, 481 F.3d 434, 438 (6th Cir.2007), this court cannot grant the relief petitioner seeks pursuant to 28 U.S.C. § 2241. To the extent Mr. Sisompeng seeks relief other than release, the appropriate action would be to file a civil rights complaint. Id.

Based on the foregoing, petitioner's Motion to Proceed In Forma Pauperis is granted and the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE